## Mississippi Valley Traction Company et al. v. Mathew B. Coburn.

### Gen. No. 4,777.

1. RULE—*question of power of conductor to waive, for jury.* Whether a conductor has authority to overcome a notice posted in a car and to waive a rule of the company expressed in such notice, is a question for the jury.

2. ARGUMENTS OF COUNSEL—*what improper.* Arguments of counsel which are outside of the evidence and which have a tendency to inflame the jury are improper and are ground for a new trial.

3. INSTRUCTION—*error to refuse, which is correct in law and presents proper theory of defense.* An instruction which states a correct principle of law and which is applicable to the evidence and which presents a theory of defense supported by evidence should be given.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

BURTON F. PEEK, SEARLE & MARSHALL, AND CYRUS E. DIETZ, for appellants.

W. R. MOORE, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant, the Moline, East Moline & Watertown Railway Company, owned the tracks over which appellant, the Mississippi Valley Traction Company, was operating cars, on one of which appellee was riding at

the time of the accident. These cars were operated from some point within the city of Moline through the village of East Moline to the village of Watertown. On the evening of December 4, 1903, appellee boarded a car at Twenty-third street in Moline, intending to go to Watertown; and was riding on the front platform of a west-bound car,. when at Seventh street, in East Moline, where the tracks turn at right angles, the speed not having been slackened in time, the car left the tracks and ran about 170 feet, was turned over, and appellee was caught under the car, receiving serious injuries to his shoulder and right arm.

Appellee brought this suit to recover damages for the injury so sustained, charging in each count of the declaration that he was a passenger on said car, and was in the exercise of due care at the time of the accident. The general issue being filed, a trial was had before a jury, resulting in a verdict of $5,000 for appellee. A motion for a new trial was overruled and judgment entered on the verdict, from which judgment this appeal is prosecuted.

The main defenses were, that appellee was wrongfully on the front platform; that his misconduct and that of his companion contributed to the accident; and that he was not a passenger.

It appears from the evidence that the following notice was posted on the front platform:

"Notice. No person allowed to ride on the front platform with the motorman, except the dispatcher, without written permit from the office. Mississippi Valley Traction Company. Stuart W. Wise, Gen. Manager."

When appellee attempted to board the car at the rear, the conductor directed him and his companion to go upon the front platform. There was evidence tending to show that appellee knew of the notice and the rule of the company in that particular, and other

evidence tending to show that he did not know of the rule or notice; and there was evidence that he had repeatedly been allowed to ride upon the front platform of these cars. Whether the conductor had authority to overcome the notice and waive the rule of the company was a question of fact for the jury.

We will only state further so much of the evidence as is necessary to determine the correctness of the ruling of the trial court upon certain instructions requested by appellants and refused, and certain evidence offered by them and not admitted.

It appears that appellee, then thirty-four years of age, in company with his brother-in-law, Harry Carraher, seventeen years old, on the evening of the accident, came from Watertown to Moline over the electric road. They and the proprietor of a restaurant went to a saloon, where appellee took wine and Carraher a glass of beer. Later, appellee and Carraher boarded a car for Watertown at a point where the street car line crosses a railroad track, getting on at the rear platform while the car was moving slowly. They were told by the conductor to go to the front platform, which they did from the outside of the car. The conductor went with them to the front platform and the car stopped for the passage of a freight train over the railroad tracks, after which the conductor flagged his car over the crossing. It is clear from the evidence that at the saloon Carraher bought a bottle of whiskey and carried it away with him, and it is also clear that neither Carraher nor appellee paid their fare; appellee having testified that he supposed that Carraher paid it, which he did not do. After leaving Moline, the conductor came to the front platform and asked appellee or his partner if they had any whiskey. Carraher produced his whiskey and the conductor and motorman each took a drink from the bottle, the conductor going away without asking for their fares. One witness testified that appellee took a drink, but there was other evidence that appellee did not drink while

on the car. A short time before the car left the track, the conductor came to the front platform and he and the motorman and Carraher each took another drink from the same bottle. At this time the conductor did not call for their fares. The evidence shows that the car ran unusually fast, and that it did not slacken as it approached the curve where the accident occurred. After the accident, appellee was found pinioned under the front end of the overturned car. It was some time before he could be released, and whiskey was given him during the time that he was under the car. After being removed, he was taken to a doctor's office, and from there to the hospital, where his injuries were treated. The doctor testified that appellee was drunk and that he smelled whiskey upon him.

Appellants offered a number of instructions upon the theory that if appellee and Carraher went upon the front platform by collusion with the conductor, with the intention that they should not pay fare, but that they should furnish whiskey to the conductor and motorman in lieu of fare, and that they did so furnish whiskey, then the relation of passenger and carrier did not exist, and appellants were not liable to appellee as their passenger. Upon a careful examination of the entire evidence, we conclude that there was sufficient evidence upon this subject to require the court to give a proper instruction submitting that theory of the defense to the jury. Many of the instructions offered on this subject by appellant were for one reason and another incompetent and imperfect; but we conclude that an instruction offered by appellants, and indicated in the record as number 39, was a correct instruction on that subject, and that it was error to refuse it. The court gave no instruction upon this subject, but did give an instruction embodying an abstract proposition of law for appellee, laying down correctly the duty of a carrier to its passengers, without any suggestion therein that there could be any other

conclusion in the case than that appellee was a passenger of appellants at the time of the accident.

Appellee testified that his injured arm was shrunken and not as large as the other, and he exhibited it to the jury. There was medical testimony that the arm, when first taken out of the sling in which it had been carried, was atrophied, but that the atrophy had partially, at least, disappeared. Appellee also testified that he had not used his arm since the accident, some two years before the trial, and that he could not use it. A witness testified to seeing him use his arm when he had reason to suppose that he was not observed, and to his dropping it by his side the instant he discovered the witness looking at him. Appellants sought to prove by medical witnesses the effect upon an arm as to atrophy of carrying it hanging by the side for two years without using it. The court permitted appellants to prove the effect of such non-use on the joints, but sustained the objections to other questions tending to show its effect upon the arm as to atrophy. Some of these questions were imperfectly framed, though that was not the ground of objection, but some of them were properly framed, and in our judgment the court erred in sustaining these objections. If the jury had concluded that the present atrophied condition of appellee's arm was due to non-use, and that he could have used the arm, but purposely refrained from doing so, it may be that these damages, which are heavy, would have been less.

Counsel for appellee, in his closing address to the jury, made a number of remarks which were improper and not based upon the evidence, and were calculated to be highly prejudicial to appellants. The court sustained objections to some of these remarks, but practically overruled many of them. We are of the opinion that the objections should have been sustained in many cases where they were overruled, and that counsel for appellee ought not to have been permitted to pursue that line of argument, not based upon the evidence and

only calculated to inflame the jury against the appellants. Each party should be confined to a fair argument of the case actually on trial.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*